UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTIAN TAMAYO, Individually and | § | |
| On  Behalf of All Others Similarly | § | |
| Situated, | § | CIVIL ACTION NO.  5:14-cv-955 |
| | § | |
| Plaintiff, | § | JURY TRIAL DEMANDED |
| | § | |
| V. | § | |
| | § | |
| TIER ONE SECURITY, INC, | § | |
| TIMEKEEPERS INC., AND SHAWN | § | |
| FLUITT, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

### I.     SUMMARY

1.      Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees.  29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2.      Plaintiff Christian Tamayo ("Plaintiff") and the employees he seeks to represent ("Class Members") are current and former security guards of Tier One Security, Inc., Timekeepers Inc., and Shawn Fluitt ("Defendants"), employed at any time during the three years prior to the filing of this lawsuit to present.  Defendants knowingly and deliberately failed to

compensate Plaintiff and Class Members for their overtime hours based on the time and half formula in the FLSA.

3.      Defendants denied Plaintiff and Class Members their legal compensation by wrongfully classifying them as independent contractors.

4.      Defendants violated the FLSA when they failed to pay overtime for hours worked in excess of forty (40) in a week.

5.      Consequently, Defendants' compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

6.      Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7.      Plaintiff also prays that the class of similarly situated security guards be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II.      SUBJECT MATTER JURISDICTION AND VENUE

8.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events and omissions giving rise to this claim occurred in this District, including many of the wrongs herein alleged. Defendants do business in this District and some of the violations took place while Plaintiff worked in this District.

### III.     PARTIES AND PERSONAL JURISDICTION

10.     Plaintiff Christian Tamayo is an individual currently residing in Maverick County, Texas.  His written consent to this action is attached hereto as Exhibit "A."

11.     The Class Members are all hourly paid security guards employed by Defendants at any time from there years prior to the filing of this lawsuit to present.

12.     Defendant Tier One Security Inc., is organized under the laws of Texas; thus, this Court has personal jurisdiction over said Defendant.  Defendant may be served with process through its registered agent Shawn R. Fluitt, at 41109 IH-10 West Ste. C, Boerne, TX 78006.

13.     Defendant Timekeepers, Inc., is organized under the laws of Texas; thus, this Court has personal jurisdiction over said Defendant.  Defendant may be served with process through its registered agent Shawn R. Fluitt, at 41109 IH-10 West Ste. C, Boerne, TX 78006.

14.     Defendant Shawn R. Fluitt is the Owner, Director, President, Vice President, Treasurer, Secretary, and registered agent of Tier One Security, Inc. and Timekeepers, Inc.  He can be served at 41109 IH-10 West Ste. C, Boerne, TX 78006.

### IV.     FLSA COVERAGE

15.     At all material times, Defendants have been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

16.     Plaintiff was employed by Defendants. Likewise Defendants employ other security guards throughout Texas and Northern Louisiana.

17.     At all material times, Defendants have been an enterprise in commerce within the meaning of the FLSA.  29 U.S.C. § 203(r).

18.     Defendant Shawn Fluitt is the owner of Tier One Security, Inc., and Timekeepers, Inc.  As an owner, Defendant Shawn Fluitt controlled the nature, pay structure, and employment relationship of Plaintiff and Class Members.

19.     Further, Defendant Shawn Fluitt at all times relevant to this lawsuit, had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, he is responsible for the day-to-day affairs of the corporation. In particular, Defendant Shawn Fluitt is responsible for determining whether the corporation complied with the FLSA.

20.     As the owner, Defendant Shawn Fluitt employed Plaintiff and Class Members as security guards.

21.     As such, pursuant to 29 U.S.C. § 203(d), Defendant Shawn Fluitt acted directly or indirectly in the interest of Plaintiff's and Class Members' employment as their employer, which makes him individually liable under the FLSA.

22.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA because Defendants have had and continue to have employees engaged in commerce.  29 U.S.C. § 203(s)(1).

23.     Defendants enjoy an annual gross business volume in excess of $500,000 and have likewise done so in the three years prior to the filing of this complaint.

24.     At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce as required by the FLSA.  29 U.S.C. §§ 206-207.

25.    Further, At all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc*., 410 U.S. 512, 515 (1973); *Reich v. Bay, Inc*., 23 F.3d 110, 113 (5th Cir. 1994).

## V.    FACTS

26.    Defendants provide gate guard and security services.  Defendants offer these services to corporate and individual clients across the state.  Defendants are often contracted by oil field customers to guard gate entries to drilling operations.  Defendants then assign security guards and/or gate guards to different oil fields across the state of Texas.

27.    Plaintiff and Class Members are employed by Defendants as security guards and/or gate guards who perform services in the categories identified in the preceding paragraph.

28.    Defendants classify their security guards as independent contractors despite the economic reality that the security guards are dependent upon Defendants for their livelihood. Specifically:

   a.  Defendants controlled the manner in which the job is performed;

   b.  Security guards' opportunity for profit and loss are entirely dependent on Defendants, not on their own managerial skill;

   c.  Security guards do not employ subordinate employees;

   d.  The work of a security guard does not require any specialized skill;

   e.  The services rendered by the security guards are an integral part of Defendants' business; and

   f.  Defendants required that the security guards wear uniforms and carry identification emblazoned with the company logo.

29.    Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.  This scheme permitted Defendants to reduce their tax liability, avoid paying worker's compensation insurance, and pass their operational costs to their work force.

30.    Defendants assigned job duties to Plaintiff.

31.    Plaintiff is a non-exempt employee.

32.    Plaintiff did not use independent judgment or discretion to carry out his job duties.

33.    Plaintiff's primary job duty is non-office work.

34.    Plaintiff did not have the authority to hire or fire other employees.

35.    Plaintiff did not direct the work of two or more full time employees.

36.    All security guards employed by Defendants perform the same job duties.

37.    Plaintiff is currently employed by Defendants and has been since approximately March 6, 2012.

38.    Plaintiff regularly worked over forty (40) hours per week while employed by Defendants.

39.    Defendants did not provide proper overtime compensation for the hours Plaintiff worked over 40 in a workweek.

40.    Specifically, Defendants did not pay Plaintiff time and a half of his regular rate of pay for hours worked over forty.

41.    Plaintiff was paid the same rate for all hours worked, even those hours worked over forty in a workweek.

42.    Defendants misclassified Plaintiff as exempt from overtime pay.

6

43.     Defendants knew about the requirements to pay overtime, but intentionally chose not to follow them. Consequently, Defendants' actions constitute willfulness under the law.

## VI.     COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as security guards at any time during the three (3) years preceding the filing of this complaint to the present.

45.     Plaintiff has actual knowledge, through conversations with his co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendant's policy of not paying overtime for all hours worked over forty (40) in a week.

46.     Class Members are similarly situated to Plaintiff in that they all were security guards, performed the same duties, and were victims of the same violations of the FLSA.

47.     Class Members and Plaintiff had the same job duties of providing security services at gated entry ways at various oil fields.

48.     Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

49.     The experience of Plaintiff, with respect to his employment classification and pay, is typical of hourly paid security guards across Defendant's business.

50.     Plaintiff and all other class members were classified as independent contractors.

51.     The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

52.     Like Plaintiff, all Class Members are entitled to receive overtime.

53.     The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

54.     The names and addresses of the Class Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

55.     Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simply formula.

56.     Defendants employ at least twenty-five (25) security guards they classify as independent contractors.

57.     Defendants employ at least fifty (50) hourly security guards they classify as independent contractors.

58.     Defendants employ at least one hundred (100) hourly security guards they classify as independent contractors.

59.     Defendants employ at least one hundred fifty (150) hourly security guards they classify as independent contractors.

60.     Defendants employ at least two hundred (200) hourly security guards they classify as independent contractors.

61.     Defendants employ at least twenty-five (250) hourly security guards they classify as independent contractors.

62.     As such, the class of similarly situated employees is properly defined as follows:

**All of Defendants' current and former hourly paid security guards and/or gate guards employed by Defendants at any time during the three years prior to the filing of this Complaint to present.**

## VII.   CAUSES OF ACTION

COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

63.    Plaintiff incorporates the preceding paragraphs by reference.

64.    This count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff and Class Members overtime based on FLSA's time-and-a-half formula.

65.    Plaintiff regularly worked more than forty (40) hours each week.

66.    For each hour worked in excess of forty (40) hours each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rate of pay.  29 U.S.C. § 207.

67.    By failing to pay overtime based on that formula, Defendants violated and continue to violate the FLSA.

68.    No exception contained in the FLSA, its implementing regulations, or recognized by any Court of the United States permits an employer in the position of Defendants to skirt their obligation to pay overtime to an employee situated in the position of Plaintiff and Class Members.

69.    Defendants' failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA.  As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

70.     Various employees complained to Defendants about the fact that they were not receiving overtime, yet the Defendants continued on with their illegal pay practices.

## VIII.   <u>WAGE DAMAGES SOUGHT</u>

71.     Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present.  29 U.S.C. § 216(b).

72.     Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.   29 U.S.C. § 216(b).

73.     Plaintiff is also entitled to recover his attorney's fees and costs, as required by the FLSA.  29 U.S.C. § 216(b).

## IX.     <u>JURY DEMAND</u>

74.     Pursuant to his rights under the Constitution of the United States, U.S. CONST. Amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## X.      <u>PRAYER FOR RELIEF</u>

75.     For these reasons, Plaintiff respectfully requests that judgment be entered in favor of himself and the Class Members awarding them:

a.  Overtime compensation for all hour worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

b.  An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

c.  Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

d.  Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:  /s/ David W. Hodges
      David W. Hodges
      Texas Bar No. 00796765
      dhodges@kennedyhodges.com
      711 W. Alabama St.
      Houston, TX 77006
      Telephone: (713) 523-0001
      Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
Beatriz Sosa-Morris
Bsosamorris@kennedyhodges.com
Texas Bar No. 24076154
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile:  713-523-1116